**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3066
_____

CHAKA KWANZAA,
Appellant

v.

GIRARD TELL, Officer, Pleasantville Police Department; RYAN VAN SYCKLE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No.1:19-cv-16052)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed June 12, 2025)
_____

OPINION[*]
_____

PER CURIAM

        Pro se Appellant Chaka Kwanzaa appeals from the District Court's orders granting

summary judgment to Defendants.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Kwanzaa commenced his civil action against numerous defendants, including Officers Girard Tell and Ryan Van Syckle, in 2019. Kwanzaa's operative complaint asserted that Tell violated his equal protection rights by racially profiling him prior to approaching his vehicle with no probable cause and thereafter conducting an improper search of the vehicle, stealing a ring, and along with Van Syckle, falsely arresting him. The District Court screened the complaint and dismissed with prejudice all of appellant's claims, apart from the claim that his ring was stolen. In 2021, the District Court granted summary judgment to Tell on that claim. After Kwanzaa appealed, we affirmed the District Court's order in part and vacated in part, remanding for further proceedings on Kwanzaa's claim of an improper search by Tell and his claims of false arrest and violation of equal protection rights against both Tell and Van Syckle. Kwanzaa v. Tell, No. 21-1939, 2022 WL 16756334, at *3-4 (3d Cir. 2022) (per curiam) (not precedential).

After discovery, Tell filed a new motion for summary judgment. In June 2024, the District Court entered an order which (1) granted summary judgment to Tell as to the remaining claims against him and (2) instructed Van Syckle to submit a letter as to whether he joined the motion or whether no claims remained against him. Van Syckle responded that he had not been a party defendant after the District Court's 2019 opinion, and that no claims remained against him. In October 2024, the District Court dismissed the claims against Van Syckle and entered judgment, finding that even assuming that our

2

remand had revived the claims of false arrest and violations of equal protection against Van Syckle, Kwanzaa had not pursued those claims during discovery and that those claims failed for the same reasons as against Tell. Kwanzaa timely appealed.

## II.

We exercise de novo review over a District Court's grant of summary judgment. See Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017). Summary judgment is proper when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party "must show where in the record there exists a genuine dispute over a material fact." Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007). We view the facts in the light most favorable to Kwanzaa, who "is entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000).

## III.

At the outset, as the appellees stress, Kwanzaa has not meaningfully challenged the District Court's decision in his opening brief. "[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). Arguments are to be supported by "the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Failure to do so

generally results in an issue being forfeited on appeal. See, e.g., Kost, 1 F.3d at 182; Lara v. Comm'r Pa. State Police, 125 F.4th 428, 432 n.5 (3d Cir. 2025) (reiterating that "[a]n issue is [forfeited] unless a party raises it in its opening brief" (quotation marks omitted)). Although we construe pro se filings liberally, we still only address issues that appellants properly raised in the opening brief. See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

In his brief, Kwanzaa asserts with little elaboration that the District Court erred because it ignored evidence in the Municipal Court record of Tell's illegal search of his vehicle and stealing of his ring, arbitrarily denied him the opportunity to conduct full discovery, and relied on conclusory and biased determinations to grant summary judgment when there were "clearly disputed material facts." We do not agree. The District Court properly considered whether the record demonstrated any genuine issues of material fact before granting summary judgment even though Kwanzaa failed to provide a statement of disputed facts. Fed. R. Civ. P. 56(a). To the extent Kwanzaa argues that the District Court erred because the Municipal Court record contained evidence of Tell stealing his ring, we already affirmed the entry of summary judgment regarding this claim in 2022, see Kwanzaa, 2022 WL 16756334, at *2, and decline to revisit that ruling here.

4

Further, the District Court did not deny Kwanzaa the opportunity to conduct full discovery. Although the District Court administratively terminated Kwanzaa's motion for discovery, it directed Defendants to respond to the requests and provided that any discovery disputes should be presented before the end of discovery. The record does not show that Kwanzaa presented any disputes to the District Court. Moreover, a review of the record does not show evidence of bias on the part of the District Court, nor demonstrate that it based the grant of summary judgment on conclusory determinations. Finally, Kwanzaa has not identified any "clearly disputed material facts" that should have prevented the entry of summary judgment.

## IV.

For the forgoing reasons, we will affirm the District Court's judgment.

5